**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COOPER, | CASE NO. 1:09-cv-01665-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | (Doc. 1) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.   Background**

Plaintiff David Cooper ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on September 21, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendant Warden James A. Yates.  Plaintiff alleges a violation of the Eighth Amendment and California Government Code sections 830 and 835.

Plaintiff allege the following.  Plaintiff has been hospitalized several times because of exposure to valley fever. (First Am. Compl. ("FAC") ¶ 5.)  Plaintiff has severe and disseminated valley fever, which resulted in nine surgical operations. (FAC ¶ 8.)  Defendant Yates refused to transfer Plaintiff to another prison.  Plaintiff seeks money damages, declaratory relief, costs of suit, and attorney's fees.

## III. Analysis

### A. Eighth Amendment

Plaintiff is seeking relief for violation of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In

order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). General allegations about the dangerous conditions at PVSP and the failure to warn Plaintiff of those conditions, or risks, are not sufficient to support an Eighth Amendment claim. Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128. Here, Plaintiff alleges that Defendant Yates violated Plaintiff's Eighth Amendment rights by not transferring Plaintiff. Plaintiff alleges that he can be re-infected.

Plaintiff has not stated a cognizable Eighth Amendment claim. Plaintiff's allegations do not establish that Defendant Yates was deliberately indifferent to Plaintiff's conditions of confinement. Based on Plaintiff's pleadings and exhibits submitted in support, Plaintiff was seen numerous times by his primary care physician regarding his valley fever infection. (Exh. A, Director's Level Appeal Decision.) He has received multiple exams, including computerized tomography, magnetic resonance imaging, x-rays, and other exams. (*Id.*) It appears that Plaintiff's medical care has been at the least satisfactory regarding his valley fever infection. The pleadings fail to indicate that Defendant Yates knew of and *disregarded* an excessive risk to Plaintiff's health. The only action taken by Defendant Yates was not transferring Plaintiff from the prison. This does not rise to the level of deliberate indifference in violation of the Eighth Amendment.

### B.    Government Code Sections 830 and 835

Plaintiff also alleges violations of California Government Code sections 830 and 835. Because Plaintiff has failed to allege any cognizable federal claims. the Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3).

### IV.    Conclusion and Order

The Court cannot find that Plaintiff will be able to state a cognizable claim in this action, even if he is granted leave to amend. Further leave to amend will thus not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

1  Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with
2 prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.
3 This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 22, 2010**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE